UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**HAROLD S. FIELDS,**

        Petitioner,

v.                         **Case No. 01-C-1155**

**DANIEL BERTRAND,**

        Respondent.

**ORDER ON THE PETITIONER'S MOTION TO ALTER OR AMEND THE JUDGMENT**

Harold S. Fields ("Fields") is a prisoner incarcerated pursuant to a state court judgment. Proceeding pro se, Fields filed a petition for habeas corpus relief under 28 U.S.C. § 2254. In his petition, Fields raises six grounds for relief. He claims that his conviction was obtained: (1) in violation of the confrontation clause; (2) as the result of a coerced and false confession; (3) subsequent to a violation of Miranda v. Arizona; (4) based on a seizure that was not supported by probable cause; (5) from the admission of prejudicial evidence; and (6) as a result of ineffective assistance of trial and appellate counsel.

This court previously determined that Fields did not raise grounds two through six to the state courts and stayed this matter until such time as Fields files a statement indicating (1) that he has returned to state court and believes he has exhausted his claims or (2) that he would like to dismiss all unexhausted claims from his petition and proceed on the first ground for relief exclusively. (Order, Mar. 30, 2005.). Shortly after the court's order was issued, Fields filed a motion requesting that he

be permitted to exhaust his claims. This motion was interpreted as a statement of Fields' anticipated course of action, in accordance with the court's order, and was granted.

Now, Fields has filed a "motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e)." Since no judgment has been entered in this case, the court will treat the motion as one seeking reconsideration. In his motion, Fields disagrees with this court's conclusion that all grounds for relief were not properly raised to the state courts. Fields argues that this court "overlooked certain operative facts and legal principles of his state claims" and asks that the court allow his petition to proceed without further state court action. In support of this position, Fields cites several cases in which courts have held that claims are properly exhausted even if they do not explicitly cite a federal or constitutional violation. (See e.g., Fields Br. 3 (citing Verdin v. O'Leary, 972 F.2d 1467, 1478 (7th Cir. 1992) and Duncan v. Henry, 513 U.S. 364, 368 (1995)). As a general proposition, this is true. Pleadings submitted by pro se petitioners are afforded some leniency and should be addressed if the factual basis for a federal claim is set forth, even if it is not labeled as such.

That general rule, however, does not warrant the relief that Fields now seeks. The post-conviction motion that Fields relies upon to establish exhaustion contains more than a series of factual allegations with no reference to a particular federal claim. On the contrary, and for reasons previously discussed in substantial detail, it is clear that Fields discussed all issues in support of an ineffective assistance of trial counsel claim. Fields' post-conviction motion was quite specific and was targeted at a particular constitutional right. Moreover, because all underlying claims were set forth in support of Fields' ineffective assistance of counsel claim, the Wisconsin Court of Appeals' analysis was limited to that issue.

To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir.2000). In challenging this court's analysis of his post-conviction motion, and arguing that his claims were adequately presented to the state courts, Fields proceeds on the second ground for reconsideration and must establish a manifest error. A manifest error, however, is described as the "wholesale disregard, misapplication, or failure to recognize controlling precedent." Id. That is not the case here because the case law cited by Fields is not applicable. Accordingly, Fields' motion will be denied.

**IT IS THEREFORE ORDERED** that Fields' motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) is **denied.**

Dated at Milwaukee, Wisconsin this 14th day of February, 2006.

s/AARON E. GOODSTEIN  
United States Magistrate Judge